IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TYESHA N. ISOM, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:21-cv-1578-N-BN |
| | § | |
| CONDE NAST/NEW YORK HQ | § | |
| WIRED.COM, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Tyesha N. Isom filed a single-page *pro se* complaint alleging that, on

June 5, 2021, the defendant's "coupon product was not active to be used as promised

for existing Grubhub customers for internet discount," prompting Isom to file this

"lawsuit for product defective liability, because the product coupon was not functional

in associated with Grubhub products when applied to my entire order," which "ruined

[Isom's] dinner plans." Dkt. No. 3 at 1 (further stating that the order was "1

mushroom + swiss burger, 1 cheese quesadilla sub total $21.16").

United States District Judge David C. Godbey referred Isom's lawsuit to the

undersigned United States magistrate judge for pretrial management under 28

U.S.C. § 636(b) and a standing order of reference. After reviewing the complaint, the

undersigned questions whether there is subject matter jurisdiction and, given the

circumstances of this case, enters these findings of fact, conclusions of law, and

recommendation that the Court should dismiss this action for lack of subject matter

jurisdiction.

These findings and conclusions provide Isom notice as to the jurisdictional deficiencies. And the ability to file objections to the undersigned's recommendation that this case be dismissed for lack of jurisdiction (further explained below) affords an opportunity for Isom to establish to the Court that its does indeed have subject matter jurisdiction.

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)); *see also Bowles v. Russell*, 551 U.S. 205, 212 (2007) ("Within constitutional bounds, Congress decides what cases the federal courts have jurisdiction to consider."); *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) ("Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims.").

They must therefore "presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Correspondingly, all federal courts have an independent duty to examine their own subject matter jurisdiction. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999) ("Subject-matter limitations ... keep the federal courts within the bounds the Constitution and Congress have prescribed. Accordingly, subject-matter delineations must be policed by the courts on their own initiative even at the highest level." (citations omitted)).

Isom chose to file this lawsuit in federal court and, by doing so, undertook the burden to establish federal jurisdiction. *See Butler v. Dallas Area Rapid Transit*, 762 F. App'x 193, 194 (5th Cir. 2019) (per curiam) ("[A]ssertions [that] are conclusory [ ] are insufficient to support [an] attempt to establish subject-matter jurisdiction." (citing *Evans v. Dillard Univ.*, 672 F. App'x 505, 505-06 (5th Cir. 2017) (per cuiam); *Jeanmarie v. United States*, 242 F.3d 600, 602 (5th Cir. 2001))).

And, if Isom does not, this lawsuit must be dismissed. *See* FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Because federal jurisdiction is not assumed, "the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty Oil Corp. v. Ins. Co. of N.A.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citing *Ill. Cent. Gulf R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 & n.2 (5th Cir. 1983)); *see also MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019) ("Because federal courts have limited jurisdiction, parties must make 'clear, distinct, and precise affirmative jurisdictional allegations' in their pleadings." (quoting *Getty Oil*, 841 F.2d at 1259)).

Under their limited jurisdiction, federal courts generally may only hear a case if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331, 1332.

In diversity cases, each plaintiff's citizenship must be diverse from each defendant's citizenship, and the amount in controversy must exceed $75,000. *See* 28

U.S.C. § 1332(a), (b). This amount "is determined by the amount of damages or the value of the property that is the subject of the action." *Celestine v. TransWood, Inc.*, 467 F. App'x 317, 319 (5th Cir. 2012) (per curiam) (citing *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)).

And, "[f]or diversity purposes, state citizenship is synonymous with domicile. A change in domicile requires: '(1) physical presence at the new location and (2) an intention to remain there indefinitely.'" *Dos Santos v. Belmere Ltd. P'ship*, 516 F. App'x 401, 403 (5th Cir. 2013) (per curiam) (citations omitted); *see also Preston v. Tenet Healthsystem Mem'l Med. Ctr.*, 485 F.3d 793, 797-98 (5th Cir. 2007) ("In determining diversity jurisdiction, the state where someone establishes his domicile serves a dual function as his state of citizenship.... Domicile requires the demonstration of two factors: residence and the intention to remain." (citing *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954))).

"The basis for diversity jurisdiction must be 'distinctly and affirmatively alleged.'" *Dos Santos*, 516 F. App'x at 403 (quoting *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397 (5th Cir. 2009)). Accordingly, the United States Court of Appeals for the Fifth Circuit "has stated that a 'failure to adequately allege the basis for diversity jurisdiction mandates dismissal.'" *Id.* (quoting *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991)).

Isom has not affirmatively and distinctly alleged diversity jurisdiction. Even if there is complete diversity, Isom seeks only $40,000 in damages, well below Section 1332's jurisdictional amount-in-controversy. *See* Dkt. No. 3 at 2 (civil cover sheet).

And, given the facts that Isom alleges, the actual jurisdictional amount may be far less.

"It has long been recognized that 'unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith.'" *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *see also Kennard v. Indianapolis Life Ins. Co.*, 420 F. Supp. 2d 601, 607 (N.D. Tex. 2006) ("The sum claimed by a plaintiff controls the court's 'amount in controversy' analysis, unless it appears to a legal certainty that the claim is really for less than the jurisdictional amount. In general, the court will look to the plaintiff's complaint regarding the pleaded amount in controversy, but the court is also free to look to other information before the court, including any discovery material and affidavits." (collecting authority)).

"To justify dismissal, 'it must appear to a legal certainty that the claim is really for less than the jurisdictional amount.'" *St. Paul Reinsurance*, 134 F.3d at 1253 (footnote omitted); *cf. Bloom v. Depository Tr. Co.*, 136 F.3d 1328, 1998 WL 44542, at *1 (5th Cir. Jan. 26, 1998) (per curiam) ("When the defendant has challenged the amount in controversy in the proper manner, the plaintiff must support his allegations of jurisdictional amount with competent proof. To meet this burden, Bloom, the plaintiff, must show 'that it does not appear to a legal certainty that its claim is for less than the jurisdictional amount.' 'Good faith' alone is not the test." (footnotes omitted)).

Here, Isom fails to plausibly allege facts that could support good faith claims

equaling even $40,000 – again, still less than the jurisdictional minimum. *Cf.*

*Celestine*, 467 F. App'x at 319-20 ("'While a federal court must of course give due

credit to the good faith claims of the plaintiff, a court would be remiss in its

obligations if it accepted every claim of damages at face value, no matter how trivial

the underlying injury. This is especially so when, after jurisdiction has been

challenged, a party has failed to specify the factual basis of his claims. Jurisdiction is

not conferred by the stroke of a lawyer's pen. When challenged, it must be adequately

founded in fact.'" (quoting *Diefenthal v. C.A.B.*, 681 F.2d 1039, 1052 (5th Cir. 1982)));

*Diefenthal*, 681 F.2d at 1053 ("In sum, the party invoking the court's jurisdiction has

the burden of establishing the factual basis of his claim by pleading or affidavit. This

allows the court to test its jurisdiction without requiring the expense and burden of

a full trial on the merits.").

Turning to Section 1331, federal question jurisdiction "exists when 'a well-

pleaded complaint establishes either that federal law creates the cause of action or

that the plaintiff's right to relief necessarily depends on resolution of a substantial

question of federal law.'" *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009)

(quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 27-28

(1983)); *see also In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007) ("A federal

question exists 'if there appears on the face of the complaint some substantial,

disputed question of federal law.'" (quoting *Carpenter v. Wichita Falls Indep. Sch.

Dist.*, 44 F.3d 362, 366 (5th Cir. 1995))). "[T]his 'creation' test … accounts for the vast

bulk of suits under federal law." *Gunn*, 568 U.S. at 257 (citation omitted).

Isom alleges no facts reflecting that this lawsuit involves a substantial question of federal law.

## Recommendation

The Court should dismiss this case for lack of subject matter jurisdiction.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 18, 2021

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE